In re Leon R. MIGUEL and Placida S. Miguel, dba Miguel and Sons Farms, Debtors.

Placida S. MIGUEL, individually and as Executor of the Estate of Leon R. Miguel, deceased, Plaintiff,

v.

HORIZON FARMS, a corporation, Defendant.

Bankruptcy No. 281–03688–D–11.
Adv. No. 282–0857.

United States Bankruptcy Court,
E.D. California.

June 21, 1983.

Oliver J. Northup, Jr., Woodland, Cal., for debtors/plaintiff.

Weintraub, Genshlea, Hardy, Erich & Brown by Carole B. Hogan, Sacramento, Cal., for defendant.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

At the regularly scheduled trial date for this adversary proceeding the parties agreed to submit this matter on a stipulated set of facts and joint exhibits. The circumstances from which this dispute arose began in 1981 when the Miguels were unable to obtain the necessary financing of management costs for their 1981 crop. As a means of obtaining the financing, the Miguels entered into a transaction with Agricultural Exports, Inc. (hereinafter Ag-Ex), whereby the realty on which the crops were growing was conveyed by grant deed to Ag-Ex in exchange for a note and deed of trust on the subject property. This transaction occurred on May 22, 1981. On the same date Ag-Ex entered into a farm management agreement with Horizon Farms, a corporation (hereinafter Horizon), whereby Horizon agreed to perform the necessary farm management services for the 1981 crop. On August 18, 1981, Ag-Ex granted Horizon a security interest in "all almond and/or prune crops now growing or to be grown" on the property that was the subject of the May 22, 1981, grant deed. This interest was to secure the amounts due for services rendered under the farm management agreement. A financing statement was originally filed on August 20, 1981, and an amended version was filed on September 3, 1981. Both statements describe the collateral as "All crops of prunes and almonds now growing on the real property...." On September 30, 1981, the real property held by Ag-Ex was conveyed back to the Miguels in a transaction that both parties characterize as having the effect of a deed in lieu of foreclosure. It is from this reconveyance that the dispute exists. Horizon contends that its security interest in future crops is of record notice to all purchasers, including those taking by a deed in lieu of foreclosure. The Miguels argue that absent actual notice, the recorded financing statement would put a reasonable person on notice as to a security interest being claimed in "crops now growing" in 1981, and as such they take free and clear of all unrecorded security interests in future crops.

The following stipulations are relevant to the instant matter: (1) That during the period May 22, 1981, to September 30, 1981, Ag-Ex had the authority to encumber the property with crop liens; (2) Horizon has rendered services pursuant to the May 22, 1981, contract with Ag-Ex which have been unpaid in the amount of $36,077.29; (3) The security agreement dated August 18, 1981, was executed to provide collateral for services rendered and covers all of the realty of the estate, and further, that a potential sale of this realty fell through because of the estate's inability to deliver clear title within the contract time due to this dispute; (4) The September 25, 1981, agreement between Ag-Ex and the Miguels does not alter any rights Horizon has under the financing statement as recorded; (5) It is not contended by Horizon that Mrs. Miguel, anyone employed by her, or Mr. Northup was in possession of the security agreement on September 30, 1981; (6) Horizon has not made any representations as to the validity of their lien; and (7) The September 30, 1981, deed which transfers the property back to the Miguels, was in effect, a deed in lieu of foreclosure.

The stipulations entered into by the parties have reduced this dispute to one deceptively simple question for the court, namely, what is the meaning of the phrase "all crops [of almonds and prunes] now growing?" If this is an adequate description of the collateral provided for in the security agreement, there has been a perfection of the security interest in future crops and all subsequent purchasers have constructive notice of it. However, if the description does not put a reasonable person on notice that a security interest may exist in future crops, this interest has not been perfected and a bona fide purchaser for value could take free of the unperfected interest.

The court's inquiry into the breadth of notice provided by the financing statements recorded by the defendant begins with a review of the requirements provided for in Division 9 of the California Commercial Code, Section 9402. This section directs that a financing statement is sufficient if it "[c]ontains a statement indicating the types, or describing the items of collateral." The Uniform Commercial Code Comment (# 2) to this section recognizes that Section 9402 adopts the system of notice filing. Only a simple notice which indicates that the filing secured party may have a security interest in the collateral described is necessary and that further inquiry from interested parties will be required to disclose the complete state of affairs.

The doctrine of notice filing has been recognized by California courts to be consistent with "[t]he policy of the code to simplify the formal requisites and 'is designed to discourage the fanatical and impossibly refined reading of such statutory requirements in which courts have occasionally indulged themselves.'" *General Electric Credit Corporation v. Aurora Mobile Homes, Inc.,* 37 Cal.App.3d 1016, 1020, 112 Cal.Rptr. 735 (1974). Notice filing allows interested parties to obtain the relevant information of the security agreement from the parties involved in the transaction and does not necessitate the filing of cumbersome security agreements. Third parties are placed on notice as to what security interest another *may* have and that further inquiry is necessary.

Section 9110 of the California Commercial Code specifically addresses the issue of sufficiency of description in requiring that it only need reasonably identify the item described. The test to be applied is whether or not the description, or an indication of type, would lead a reasonable inquirer to the identity of the collateral. *In re Amex- Protein Development Corp.,* 504 F.2d 1056, 1060 (9th Cir.1974). Horizon elected to identify the type of collateral merely as crops now growing instead of the broader description used in the security agreement. There are at least two types of collateral that are available from this farming operation, the crops growing at the time the security agreement is entered into and future crops to be grown. The crop is the annual yield from the farming operation and not the underlying farm or trees. The defendant, sophisticated in farms and farming operations, apparently recognized this distinction in taking a security interest in both present and future crops in its security agreement. Though the interpretation of the description of collateral in a financing statement is liberally construed, when the secured party elects to give notice of a more limited type of collateral, they put potential purchasers on notice only as to the limited description. If Horizon had merely described its security as "crops," a reasonable person would see the need to inquire further to determine the extent of the lien regarding future crops. By using the words of limitation "now growing," Horizon narrowed the description and relieved a reasonable person of this further inquiry.

Therefore, this court finds that Horizon Farms, a corporation, perfected its security interest by the filing of the financing statements only in the crops growing in the 1981 season and not as to any crops to be grown in the future. Further, the Miguels, as purchasers for value without actual knowledge of the security interest, take free and clear of the unrecorded and unperfected interests.

This Memorandum Opinion and Decision shall constitute findings of fact and conclusions of law.

Counsel for the plaintiff is requested to submit a judgment consistent herewith.